UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                            Case Number: 23-20009-DDC

DARIEN CHAMBERS,

                Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on defendant Darien Chambers' Motion to Travel. (ECF 39.) By way of this motion, Chambers seeks a court order that would effectively modify the release condition requiring him to restrict his travel to the District of Illinois and to Kansas City for court appearances so that he can attend his cousin's wedding in Clarkston, Michigan, on December 3-4, 2023. The motion states that Chambers' supervising probation officer for location monitoring does not support Chambers' request, and that the government also objects to the request. For the reasons explained below, Chambers' motion is denied.

**A.    BACKGROUND**

On February 9, 2023, a grand jury returned the indictment in this case. It charges Chambers and Iveth Moreno in Count 1 with Interference with Commerce by Robbery, and in Count 2 with Use of a Firearm in Furtherance of a Crime of Violence. These charges arise from a robbery of a T-Mobile store in Lawrence in which Chambers and Moreno allegedly used and brandished a Glock 9mm handgun. They are facing up to 20 years imprisonment on Count 1, plus at least 7 years imprisonment on Count 2.

On February 10, 2023, Chambers was arrested in Bolingbrook, Illinois, and appeared for his initial appearance in the Northern District of Illinois. The government moved for detention. The court held a detention hearing that same day and denied the government's motion. In doing so, the court found that there are conditions of release that would reasonably assure Chambers' appearance as required and the safety of the community. Among other things, the court designated Sonja Chambers as a third-party custodian and ordered Chambers to post a $50,000 appearance bond secured by $2,000 cash and equity in Ms. Chambers' house. (ECF 5.) The court also ordered Chambers to restrict his travel to the Northern District of Illinois and to Kansas for court purposes only (accompanied by his custodian) and ordered home incarceration. (ECF 7.) On February 27, Chambers appeared before this court for his arraignment, and the court continued him on the release conditions previously set by the Northern District of Illinois. (ECF 10.)

In May, Chambers requested that the court amend his release conditions because his employer would no longer allow him to work exclusively from home. Instead, his employer started requiring him to appear in-person at periodically scheduled meetings. (ECF 21.) Neither Pretrial Services nor the government opposed Chambers' motion, so the court amended his release conditions to remove the condition of home incarceration and to add the conditions of home detention and location monitoring. (ECF 22.)

Chambers has now filed the current Motion to Travel. (ECF 39.) In this motion, Chambers asks the court to allow him to travel to Clarkston, Michigan, for his cousin's wedding on December 2-3, 2023. This travel is prohibited by the release condition requiring him to restrict his travel to the Northern District of Illinois and to Kansas for court purposes only. It is also

prohibited by the location monitoring condition because location monitoring participants are not approved for overnight travel.

## II.     ANALYSIS

Section 18 U.S.C. § 3142(c)(3) allows the court to modify a pretrial release order "at any time . . . to impose additional or different conditions of release," although it provides no guidance for how a court should go about doing so.  Courts have widely held that the § 3142(f)(2) standard requiring new and material information applies to motions to modify conditions of pretrial release pursuant to § 3142(c)(3), essentially construing them as motions to reopen the detention hearing.  *See, e.g.*, *United States v. Peguero*, No. 3:21-CR-00010-RGJ-3, 2021 WL 4811315, at *2 (W.D. Ky. Oct. 14, 2021) (collecting cases); *United States v. Gay*, No. 4:20-cr-40026-JES-JEH, 2020 WL 5983880, at *2 (C.D. Ill. Oct. 7, 2020) (same).  As one court explained, without such an interpretation, "a [d]efendant could file endless petitions to modify his conditions … without the threshold showing required in Section 3142(f)(2)."  *Gay*, 2020 WL 5983880, at *3.

Here, the only "new information" that Chambers arguably identifies is that he "has been on bond in this case without violation since February 10, 2023."  (ECF 39, at 1.)  On that point, the court agrees with the persuasive reasoning of other courts that "a defendant's compliance with conditions of pretrial release is not new, material information sufficient to reopen a detention hearing or allow a court to proceed to the merits of a petition to modify conditions of pretrial release."  *Gay*, 2020 WL 5983880, at *3.  The court is required to impose the "least restrictive condition or combination of conditions" available to reasonably assure the defendant's appearance and the safety of the community.  *See United States v. Kube*, 2020 WL 1984178, at *1:19-cr-00257-NONE-SKO (E.D. Cal. Apr. 27, 2020) (quoting 18 U.S.C. § 3142(c)).  Once the court imposes those conditions, the defendant is expected to comply and his ability to do so is what

allows him to remain on pretrial release rather than being taken into custody. *Id.* Such compliance conduct is "not new information that has a material bearing on his conditions to reopen the detention hearing." *Id.*; *see also, e.g.*, *United States v. Johnson*, No. 2:21-cr-00707-WJM, 2022 WL 375319, at *2 (D.N.J. Feb. 8, 2022) ("Defendant has not cited, nor has the Court found, any authority for the proposition that mere compliance with current or past conditions of pretrial release constitute the necessary changed circumstances to warrant bail modification."); *United States v. Esposito*, 354 F. Supp. 3d 354, 360-61 (S.D.N.Y. 2019) (finding the defendant's "record of compliance with the conditions of his pretrial release does not constitute new information" sufficient to reconsider his pretrial release condition requiring a 24-hour armed guard outside his home).

**IT IS THEREFORE ORDERED** that defendant Chambers Motion to Travel (ECF 39) is denied.

**IT IS SO ORDERED**.

Dated this 29th day of November, 2023.

s/Angel D. Mitchell
Angel D. Mitchell
United States Magistrate Judge
