IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 23-20009-01-DDC |
| **DARIEN CHAMBERS (01),** | |
| Defendant. | |

**MEMORANDUM AND ORDER**

A "Representative of Darien (Khal-il) [EL] Chambers" named Wilek (Abraham BEY): Emperor Asher filed a "Petition for Release and Writ of Mandamus" (Doc. 82), allegedly on behalf of defendant Darien Chambers. The court previously ordered both Wilek Abraham Bey Emperor Asher and Mr. Chambers to demonstrate that Wilek Abraham Bey Emperor Asher is an attorney licensed to practice law and thus permitted to represent Mr. Chambers. Doc. 83. The court explained that if both failed to respond adequately, it would strike the filing.

Wilek Abraham Bey Emperor Asher responded. Doc. 84. In that filing, Wilek Abraham Bey Emperor Asher self-identifies as a "governmental representative" and a "private attorney general"—but never as a licensed attorney. *Id.* at 1 (quotation cleaned up). And, though Doc. 84 contains many fanciful pronouncements and claims of authority, the filing doesn't contain the one thing the court required: evidence that Wilek Abraham Bey Emperor Asher is an attorney. Mr. Chambers, for his part, did not respond to the court's order. And the time to do so has passed.

The court thus concludes that Wilek Abraham Bey Emperor Asher has failed to show licensed attorney status and thus can't represent Mr. Chambers. 28 U.S.C. § 1654; D. Kan. Rule

83.5.1 (providing that only enrolled attorneys may appear or practice in our court); D. Kan. Rule CR1.1 (applying D. Kan. Rule 83.5.1 to criminal cases). The court thus strikes Doc. 82.

Wilek Abraham Bey Emperor Asher also filed a "Judgment of Default" (Doc. 85) in Mr. Chambers's criminal case. Because Wilek Abraham Bey Emperor Asher can't represent Mr. Chambers, the court strikes this document, too. *See United States v. Quesenberry*, No. 05-68-BLG-RFC, 2008 WL 11490113, at *3 (D. Mont. May 16, 2008) (striking filings made by non-attorney in defendant's criminal case). The court's unwilling to abide the risk that an undiscerning member of the public might believe that Doc. 85 is, indeed, a judgment entered by this court. It's not. The court thus directs the Clerk to seal Doc. 85 and modify the docket's description of that filing to say "Non-Party Filing."

The court makes two final notes. *First*, Mr. Chambers can seek relief from the court either himself or through an attorney licensed to practice law. *Second*, the court warns that it likely will strike any of Wilek Abraham Bey Emperor Asher's future filings in this case. Future filings likely will lead to filing restrictions to protect Mr. Chambers—who has given no indication that he has hired or even knows that Wilek Abraham Bey Emperor Asher is trying to act on his behalf. This protection will prevent Wilek Abraham Bey Emperor Asher from improperly tampering with important post-conviction rights.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the court strikes the "Petition for Release and Writ of Mandamus" (Doc. 82).

**IT IS FURTHER ORDERED THAT** the court strikes the "Judgment of Default" (Doc. 85).

**IT IS FURTHER ORDERED THAT** the court orders the "Judgment of Default" (Doc. 85) sealed and its docket description modified, consistent with this Order.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court shall mail this Order to Mr. Chambers at his Oxford Federal Correctional Institute address.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court shall mail this Order to Wilek Abraham Bey Emperor Asher at 29 Buck Marshall Road, Wiggins, Mississippi 39577.

**IT IS SO ORDERED.**

Dated this 21st day of October, 2025 at Kansas City, Kansas.

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**